```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

_____

**INDIRA RIOS,**

       **Plaintiff,**

       v.                                Civil Action No. 12-1065 (RWR)

**ABC IMAGING OF WASHINGTON,
INC., et al.,**

       **Defendants.**

_____

## MEMORANDUM ORDER

Pro se plaintiff Indira Rios filed an eleven-count amended complaint in the Superior Court of the District of Columbia against ABC Imaging of Washington, Inc. ("ABC Imaging") and Wahib Abdullahi in his capacity as Vice President of Operations at ABC Imaging, alleging employment discrimination, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the District of Columbia Human Rights Act, D.C. Code § 2-1401.01 et seq., and unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the District of Columbia Wage Payment and Wage Collection Law, D.C. Code §§ 32-1301 to -1310. Rios also recited numerous common law causes of action.

The defendants removed the case to the U.S. District Court for the District of Columbia on the basis of federal question jurisdiction under 28 U.S.C. § 1331. The plaintiff has moved to

remand this case to the Superior Court arguing that, at its core, her suit is a demand for unpaid wages owed to her under D.C. law and this court lacks diversity jurisdiction under 28 U.S.C. § 1332. The defendants oppose the motion. They argue that since this case originally could have been brought in the U.S. District Court for the District of Columbia because this court has federal question jurisdiction over the plaintiff's Title VII and FLSA claims and supplemental jurisdiction over the plaintiff's related common and state law claims, the case was removable. Because the defendants have demonstrated that this court has subject matter jurisdiction over the action, the motion to remand will be denied.

A state court defendant may seek to remove an eligible action to the federal district court for the district in which the action is pending. 28 U.S.C. § 1441(a); see also Lindsay v. Gov't Emps. Ins. Co., 448 F.3d 416, 422 (D.C. Cir. 2006). "The party seeking removal of an action bears the burden of proving that jurisdiction exists in federal court." Downey v. Ambassador Dev., LLC, 568 F. Supp. 2d 28, 30 (D.D.C. 2008).

For an action to be eligible for removal, the district court must have subject matter jurisdiction over it. A district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "'The presence or absence of federal question

-3-

jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"  Int'l Union of Bricklayers & Allied Craftworkers v. Ins. Co. of the West, 366 F. Supp. 2d 33, 36 (D.D.C. 2005) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).  A plaintiff's claims under Title VII and the FLSA arise under the laws of the United States.  See Borg-Warner Protective Servs. Corp. v. EEOC, 245 F.3d 831, 834 (D.C. Cir. 2001); Encinas v. J.J. Drywall Corp., 265 F.R.D. 3, 7 n.2 (D.D.C. 2010).

   The presence of plaintiff's D.C. Code and common law claims does not warrant remanding the case.  "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]"  28 U.S.C. § 1367(a).  However, a district court may decline to exercise supplemental jurisdiction when the state law claims substantially predominate over claims over which the district court has original jurisdiction.  Lindsay, 448 F.3d at 421 & n.7, 425 (citing 28 U.S.C. § 1367(c)(2)).

    Here, all of Rios's state law claims appear to form part of the same case or controversy that arises under her federal law

-4-

claims.  As such, this court has supplemental jurisdiction over her state law claims.  In addition, in each of her eleven counts, Rios alleges that the defendants violated Title VII and the FLSA.[1]  Her state law claims, then, do not predominate over her federal law claims.  Accordingly, it is hereby

ORDERED that plaintiff's motion [4] to remand the case be, and hereby is, DENIED.

SIGNED this 31st day of October, 2012.

```
                                   /s/
                        RICHARD W. ROBERTS
                        United States District Judge
```

---

[1] Although Rios's specific allegations under each federal statute are unclear, the claims still arise under federal law and thus this court still has jurisdiction over this action.  See Haddon v. Walters, 43 F.3d 1488, 1490–91 (D.C. Cir. 1995); see also Bell v. Hood, 327 U.S. 678, 682 (1946) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover.  For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.").